1  DANIEL R. FOSTER (Cal. Bar. No. 179753)
   McDERMOTT WILL & EMERY LLP
2  4 Park Plaza, Suite 1700
   Irvine, CA 92614-2559
3  Telephone:  (949) 757-7103
   Facsimile:  (949) 851-9348
4  dfoster@mwe.com

5  JOHN J. DABNEY (to file *pro hac vice* application)
   KATIE BUKRINSKY (to file *pro hac vice* application)
6  McDERMOTT WILL & EMERY LLP
7  500 North Capitol Street NW
   Washington, D.C. 20001
8  Telephone:  (202) 756-8000
   Facsimile:  (202) 756-8087
9  jdabney@mwe.com, kbukrinsky@mwe.com

10 *Attorneys for Plaintiff The Brooklyn Brewery Corporation*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| **THE BROOKLYN BREWERY CORPORATION**, a New York Corporation,<br><br>**Plaintiff,**<br><br>v.<br><br>**BLACK OPS BREWING, INC.**, a California Corporation,<br><br>**Defendant.** | **CASE NO.**<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND PASSING OFF** |

## **COMPLAINT**

Plaintiff The Brooklyn Brewery Corporation ("Plaintiff") files this Complaint against Defendant Black Ops Brewing, Inc. ("Defendant"), and alleges as follows:

COMPLAINT - 1 -

# INTRODUCTION

1. Founded in 1987, Plaintiff is the largest brewer in New York and among the twenty largest brewers in the United States. One of Plaintiff's most popular beers is BROOKLYN BLACK OPS, a stout that Plaintiff has marketed since at least as early as 2007. Plaintiff, consumers and others in the trade commonly refer to the beer as BLACK OPS and Plaintiff has continuously advertised, promoted and sold the beer as BLACK OPS for over eight years. Plaintiff has sold tens of thousands of cases of beer under the marks BROOKLYN BLACK OPS and BLACK OPS, and millions of customers throughout the United States, including California, have been exposed to the brands. Plaintiff owns a federal trademark registration for BROOKLYN BLACK OPS for beer. Plaintiff owns common law rights to the marks BROOKLYN BLACK OPS and BLACK OPS for beer.

2. This year, Defendant opened a brewery called BLACK OPS BREWING. Defendant applied to the U.S. Patent and Trademark Office ("PTO") to register the mark BLACK OPS BREWING for beer and taproom services. On July 1, 2015, the PTO rejected Defendant's application because Defendant's use of BLACK OPS BREWING is likely to cause confusion with Plaintiff's registered mark BROOKLYN BLACK OPS.

3. Nevertheless, Defendant continues to market and sell beer under the marks BLACK OPS and BLACK OPS BREWING. In mid-July and late August 2015, Plaintiff demanded that Defendant cease use of the marks. But Defendant refused unless Plaintiff paid an exorbitant sum and thus forced Plaintiff to commence this action.

# THE PARTIES

4. Plaintiff is a New York corporation with a primary place of business at 79 North 11th St., Brooklyn, New York 11211. Plaintiff owns a federal registration for BROOKLYN BLACK OPS for beer and common law marks for BLACK OPS

COMPLAINT - 2 -

for beer and has used those marks in United States commerce continuously since at least as early as 2007.

5. Defendant is a California corporation with its primary place of business at 2985 N. Burl, Suite 102, Fresno, California 93727. Defendant advertises and sells beer, taproom services and related goods under the marks BLACK OPS and BLACK OPS BREWING.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the federal claims under 28 U.S.C. § 1331 and 28 U.S.C. §1338(a). The Court has jurisdiction over the state law claims under 28 U.S.C. § 1338(b) and 28 U.S.C. §1367(a).

7. The Court has personal jurisdiction over Defendant because it is incorporated in this District, has its primary place of business in this District, and is selling infringing goods and services in this District.

8. Venue is proper in this judicial district under 28 U.S.C. §§1391(b)(1) and (2).

## PLAINTIFF AND ITS TRADEMARKS

9. Founded in 1987, Plaintiff is the largest brewer of beer in New York, and the 20th largest in the United States. Plaintiff's beer advertised under BROOKLYN BLACK OPS and BLACK OPS is sold in 27 states including Nevada.

10. Plaintiff is negotiating with distributors to commence distribution of beer under the marks BROOKLYN BLACK OPS and BLACK OPS in California and sales will commence in 2016.

11. Plaintiff has sold beer under the marks BROOKLYN BLACK OPS and BLACK OPS since at least as early 2007. Tens of thousands of cases of beer branded with the marks BROOKLYN BLACK OPS and BLACK OPS has been sold throughout much of the United States, and millions of customers have been exposed to the brands, including customers in California. For over eight years,

COMPLAINT - 3 -

Plaintiff has promoted its beer under the marks BROOKLYN BLACK OPS and BLACK OPS throughout the United States on its website, through promotional events and sponsorships, in print media, and via promotions conducted by its nationwide distributors and retailers. Plaintiff's beer also receives substantial unsolicited media coverage by beer-focused websites such as ratebeer.com (where the beer has a rating of 100), beeradvocate.com (where the beer has a community rating of 92), and Untapped (with a rating of 4.2/5), as well as nationally-distributed publications including Men's Journal, Serious Eats, Gear Patrol, Beer Street Journal, and Beer Knews. Plaintiff's beer sold under the marks BROOKLYN BLACK OPS and BLACK OPS is frequently mentioned by consumers, retailers, and media outlets on Facebook, Twitter, and Instagram and has been for over five years.

12. Plaintiff owns a federal trademark registration for BROOKLYN BLACK OPS, Registration No. 3,636,236, for "beer," which issued in 2009. (Ex. 1.) Plaintiff's registration is "incontestable" under the Lanham Act, and thus "conclusive evidence" of Plaintiff's "exclusive right" to use this mark for beer in United States commerce. 15 U.S.C. §§ 1065, 1115(b).

13. Plaintiff also owns common law rights to the marks BROOKLYN BLACK OPS and BLACK OPS, due to its use of those marks for beer continuously over eight years. Plaintiff's customers and others in the trade use the marks BROOKLYN BLACK OPS and BLACK OPS interchangeably when referring to Plaintiff's beer and have done so since 2007.

14. Plaintiff's BROOKLYN BLACK OPS and BLACK OPS marks are inherently distinctive, had acquired distinctiveness long before 2014, and are recognized as designating beer manufactured exclusively by Plaintiff.

## **DEFENDANT'S BLACK OPS BREWING AND BLACK OPS MARKS**

15. Defendant opened a brewery earlier this year called BLACK OPS BREWING and is using the marks BLACKS OPS and BLACK OPS BREWING on its beer.

16. Defendant applied to register BLACK OPS BREWING for beer and taproom services in the PTO.

17. The PTO rejected Defendant's application because it is confusingly similar to Plaintiff's previously-registered BROOKLYN BLACK OPS mark. The PTO found that Defendant's mark was "highly similar in sound, appearance, meaning and overall commercial impression to registrant's mark, BROOKLYN BLACK OPS." (Ex. 2. (Emphasis added).) The PTO held that the parties' goods were identical (beer), and that taproom services are related to beer. (Id.) The PTO held that "[i]t is likely that consumers will mistakenly believe the goods and services emanate from the same source." (Id.) The PTO observed that "[t]he overriding concern is not only to prevent buyer confusion as to the source of the goods and services, but to protect the [Plaintiff] from adverse commercial impact due to use of a similar mark by a newcomer." (Id.)

18. Nevertheless, Defendant continues to sell beer and taproom services under the marks BLACK OPS and BLACK OPS BREWING and advertises its beer and services on its web site at blackopsbrewing.com and on its Facebook page, facebook.com/Black-Ops-Brewing-701459649969112.

19. On July 20, 2015, Plaintiff sent Defendant a letter demanding that it cease all use of BLACKS OPS and BLACK OPS BREWING. Defendant refuses to stop unless Plaintiff pays an exorbitant sum of money.

20. Plaintiff renewed its demand on August 27, 2015. Defendant did not respond.

21. Plaintiff's marks BROOKLYN BLACK OPS and BLACK OPS and Defendants' marks BLACK OPS and BLACK OPS BREWERY are substantially

COMPLAINT - 5 -

similar in sight, sound, meaning and commercial impression. The parties' goods and services are identical with respect to Defendant's beer and highly related with respect to Defendant's tap room services. Defendant's use of BLACK OPS and BLACK OPS BREWING for beer and taproom services is likely to cause consumer confusion, deception and mistake with regard to Plaintiff and Plaintiff's BROOKLYN BLACK OPS and BLACK OPS marks. The public is likely to believe that Defendant's goods and services are affiliated or connected with, or endorsed, sponsored, approved, licensed or manufactured by, Plaintiff and Plaintiff's beer sold under the mark BROOKLYN BLACK OPS and BLACK OPS.

22. Defendant has actual knowledge of Plaintiff's mark, and of the likelihood of confusion between the parties' marks, by virtue of the PTO's refusal to register Defendant's mark. But Defendant continues to use the marks BLACK OPS BREWING and BLACK OPS and plans to expand such use. Defendant is deliberately infringing Plaintiff's marks.

23. Plaintiff is being irreparably injured by Defendant's unlawful conduct.

## COUNT I

**Trademark Infringement, Unfair Competition, False Designation of Origin and Passing Off Under the Federal Lanham Act (15 U.S.C. § 1114)**

24. Plaintiff re-alleges paragraphs 1 through 23 of the Complaint as if set forth herein.

25. Plaintiff owns a federal registration for BROOKLYN BLACK OPS for beer.

26. Defendant's promotion and sale of beer, tap room services and related goods under the marks BLACK OPS and BLACK OPS BREWING causes a likelihood of confusion, mistake, and deception with Plaintiff and Plaintiff's BROOKLYN BLACK OPS mark and thus constitutes trademark infringement, unfair competition, false designation of origin, and passing off under 15 U.S.C. § 1114(1).

27. Defendant's conduct is irreparably injuring Plaintiff. Plaintiff has no adequate remedy at law.

## COUNT II

**Trademark Infringement, Unfair Competition, False Designation of Origin and Passing Off Under the Federal Lanham Act (15 U.S.C. § 1125)**

28. Plaintiff re-alleges paragraphs 1 through 23 of the Complaint as if set forth herein.

29. Plaintiff owns common law marks for BROOKLYN BLACK OPS and BLACK OPS for beer.

30. Defendant's promotion and sale of beer, tap room services and related goods under the marks BLACK OPS and BLACK OPS BREWING causes a likelihood of confusion, mistake, and deception with Plaintiff and Plaintiff's BROOKLYN BLACK OPS and BLACK OPS marks and thus constitutes trademark infringement, unfair competition, false designation of origin, and passing off under 15 U.S.C. § 1125(a).

31. Defendant's conduct is irreparably injuring Plaintiff. Plaintiff has no adequate remedy at law.

## COUNT III

**Trademark Infringement, Unfair Competition False Designation of Origin and Passing Off Under California Common Law**

32. Plaintiff re-alleges paragraphs 1 through 23 of the Complaint as if set forth herein.

33. Plaintiff owns a common law and federally registered mark for BROOKLYN BLACK OPS for beer. Plaintiff also owns a common law mark for BLACK OPS

34. Defendants' promotion and sale of beer, tap room services and related goods under the marks BLACK OPS and BLACK OPS BREWING causes a likelihood of confusion, mistake, and deception with Plaintiff and Plaintiff's

COMPLAINT - 7 -

BROOKLYN BLACK OPS and BLACK OPS marks and thus constitutes trademark infringement, unfair competition, false designation of origin and passing off under California common law.

35. Defendant's conduct is irreparably injuring Plaintiff. Plaintiff has no adequate remedy at law.

## COUNT IV

### Unfair Competition Under Cal. Bus. & Prof. Code § 17200

36. Plaintiff re-alleges paragraphs 1 through 23 of the Complaint as if set forth herein.

37. Defendant's use of the marks BLACK OPS and BLACK OPS BREWING in connection with the advertising, promotion and sale of beer, taproom services and related goods is likely to cause confusion, deception and mistake, and thus constitutes unfair competition under Cal. Bus. & Prof. Code §17200.

38. Defendant's conduct is irreparably injuring Plaintiff. Plaintiff is suffering damage to its business reputation and goodwill. Plaintiff has no adequate remedy at law.

## RELIEF REQUESTED

Plaintiff respectfully requests that this Court award:

    a. An injunction preliminarily and permanently enjoining Defendant, its directors, officers, partners, owners, employees, agents, affiliated or otherwise related companies, suppliers, customers, successors and assigns, and all those in active concert or having knowledge of the causes of action, from using BLACK OPS, BLACK OPS BREWING, **blackopsbrewery.com** or any confusingly similar mark;

    b. An injunction directing Defendant to deliver to Plaintiff for destruction all products, literature, signs, billboards, labels, prints, packages, wrappers, containers, advertising materials, stationery, and other items in its possession, custody or control bearing Defendant's infringing marks pursuant to 15

U.S.C. § 1118;

  c. Plaintiff's reasonable attorneys' fees and costs; and

  d. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

Dated: November 2, 2015  By: /s/ *Daniel R. Foster*

DANIEL R. FOSTER (Cal. Bar. No. 179753)
McDERMOTT WILL & EMERY LLP
4 Park Plaza, Suite 1700
Irvine, CA 92614-2559
Telephone: (949) 757-7103
Facsimile: (949) 851-9348
dfoster@mwe.com

McDERMOTT WILL & EMERY LLP
John J. Dabney (to apply for admission *pro hac vice*)
Katie Bukrinsky (to apply for admission *pro hac vice*)
McDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, D.C. 20005
Telephone: (202) 756-8000
Facsimile: (202) 756-8087
jdabney@mwe.com; kbukrinsky@mwe.com

*Attorneys for Plaintiff The Brooklyn Brewery Corporation*

COMPLAINT - 9 -